**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

CIVIL ACTION NO. 1:14-cv-3392


MARK PATTON, on behalf of himself
and other similarly situated,

         *Plaintiffs*,

v.

STOLLE MACHINERY COMPANY,
LLC

         *Defendant.*

_____

**ORIGINAL COLLECTIVE ACTION COMPLAINT AND JURY DEMAND**
_____


## I.      SUMMARY

1.     Stolle Machinery Company, LLC ("Stolle"), a company that manufactures and supplies machinery to companies that make food and beverage cans, is violating the Fair Labor Standards Act ("FLSA") by forcing its factory production workers to work a substantial amount of overtime without paying overtime compensation, thus depriving them of rightful compensation for their work that Stolle is legally obligated to pay.

2.     Plaintiff Mark Patton works for Stolle as a factory production worker and has been and is being damaged by this illegal policy or practice.  Plaintiff brings this lawsuit on behalf of himself and all other similarly situated current or former Stolle factory production workers to recover his unpaid overtime compensation, liquidated damages,

attorneys' fees, and costs owed to him individually and on behalf of other similarly situated individuals.

## II.      JURISDICTION AND VENUE

3.      This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law, namely the FLSA, 29 U.S.C. § 201 *et seq*.

4.      Venue is proper because a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in the District of Colorado.  28 U.S.C. § 1391(b)(2).

## III.      THE PARTIES

5.      Plaintiff works for Stolle as a factory production worker. He regularly works in excess of 40 hours per week without receiving overtime compensation at one-and-one-half times his regular rate of pay.  Plaintiff's consent is attached as Exhibit A.

6.      The class of similarly situated employees consists of all current and former factory production workers who were employed by Stolle during the three-year period preceding the filing of this complaint.  These similarly situated individuals are referred to as the "Members of the Class" or "the Class."

7.      Stolle is Delaware limited liability company with its principal place of business at 6949 S. Potomac Street, Centennial, Colorado 80112.  Stolle is engaged in commerce in the U.S. and is otherwise subject to the FLSA.  Stolle employs Plaintiff within the meaning of the FLSA.  Stolle may be served with process by serving its Registered Agent, The Corporation Company, at 1675 Broadway, Suite 1200, Denver, Colorado 80202.

## IV.    BACKGROUND

8.      Stolle is a business that manufactures and supplies machinery for the global beverage and food can-making industry.  Stolle provides can-making machinery for a broad range of global customers and businesses.  Stolle also builds customized container filling machines for the food processing industry.

9.      In order to build the canning machines that it later sells, Stolle employs more than 100 factory production workers at its factory in Centennial, Colorado.  Those workers assemble and build the machinery that makes the food and beverage cans.

10.      Factory production workers at Stolle must wear appropriate safety equipment while working on the shop floor.  This safety equipment includes steel-toed shoes, long pants, shirts with sleeves, and safety glasses.  Further, factory production workers cannot wear any jewelry on their hands and wrists, must cover all hair, and must tuck all ties and necklaces into a long shop coat buttoned to the top.  The foregoing are hereinafter referred to as the "Safety Attire."

11.      Stolle requires its factory production workers to work five shifts per week that are each eight hours in duration.  Stolle expects and requires that all factory production workers are on the shop floor in their Safety Attire at the beginning of their shift, and they must remain on the shop floor fully dressed in their Safety Attire until the end of their shift.

12.      The factory production workers spend their time donning and doffing the Safety Attire "off the clock" without compensation.

13.      Additionally, Stolle utilizes two clocks on the shop floor for all unionized factory production workers.  One clock, the "time clock," is used to determine the time that a worker actually spends working.  The other clock, the "pay clock," is used to calculate

the amount of time for which a worker is paid.  Although the clocks are next to each other, they are not set at identical times—the pay clock is set one (1) minute behind the time clock.

14.     The factory production workers must be on the shop floor at their start time as shown on the time clock, but do not start getting paid until the pay clock reaches the shift start time, one minute later.  The factory production workers then must end their shift according to the time shown on the time clock.  As a result, factory production workers are paid for 7 hours and 59 minutes of work even though they actually worked a full 8 hours.

## V.     PLAINTIFF'S INDIVIDUAL ALLEGATIONS

*A.     Stolle Failed to Properly Pay Overtime Compensation.*

15.     As a factory production worker, Plaintiff works the 2:30 to 11:00 shift five (5) days a week, which includes an unpaid 30 minute lunch break.  Therefore, Plaintiff works at least a total of 40 hours per week on the clock in a normal work week.

16.     In order to be on the shop floor fully dressed in the required Safety Attire at 2:30, Plaintiff must arrive at the factory approximately 20 minutes before the start of his shift.  Plaintiff spends approximately the first 20 minutes of his shift donning the Safety Attire.  Plaintiff then spends approximately 20 minutes per day after the conclusion of his shift removing the Safety Attire before he leaves the factory.  Thus, Plaintiff spends between approximately 40 minutes a day donning and doffing the Safety Attire.  That donning and doffing time is not compensated by Stolle—it is "off the clock."  When combined with the time that Plaintiff works off the clock due to the difference between the time clock and the pay clock, Plaintiff works approximately 43 hours per week or more, and approximately 3 hours of that time constitutes uncompensated overtime.

17.     Stolle pays Plaintiff by the hour for the time that he works during his scheduled shifts.  Plaintiff receives his compensation via paychecks every other week. Plaintiff's paychecks are normally for 40 hours per week, or 80 hours for the pay period, even though he works approximately 86 hours during each two (2) week pay period.  Stolle does not pay Plaintiff any compensation, much less overtime compensation, for the time that he spends donning and doffing his required Safety Attire each day.

18.     Stolle's illegal practice of not paying Plaintiff for the time that he spends actually working and the time that he spends donning and doffing required Safety Attire results in a failure to properly pay overtime for hours worked in excess of 40 hours in a week, as required by the FLSA.

**B.      *Stolle Willfully Violated the FLSA.***

19.     The FLSA and Department of Labor regulations set forth the proper means for calculating and paying overtime compensation to non-exempt employees like Plaintiff. Stolle failed to follow these rules when paying Plaintiff.

20.     Stolle had a policy and/or practice requiring its employees to work off the clock while donning and doffing required Safety Attire without paying any overtime compensation.

21.     Stolle knows or has shown reckless disregard for the requirements of the FLSA with respect to compensation for the Plaintiff.

## VI.    COLLECTIVE ACTION ALLEGATIONS

22.     Plaintiff is aware that Stolle's illegal policies or practices have been imposed upon Members of the Class.  Like Plaintiff, the Members of the Class work for Stolle as factory production workers.  The Members of the Class perform job duties similar

to Plaintiff, namely assembling and building the machinery that makes food and beverage cans.

23.     As with Plaintiff, Members of the Class are required to be fully dressed in the required Safety Attire on the shop floor at the start of their shift, and they are required to remain on the shop floor fully dressed in their required Safety Attire through the end of their shift.

24.     As with Plaintiff, upon information belief, Members of the Class are paid an hourly rate for 40 hours a week and do not receive any compensation for donning and doffing required Safety Attire.  The Members of the Class are paid every other week, like Plaintiff.  The Members of the Class are also subjected to the unfair discrepancy of the time clock and the pay clock, resulting in the Members of the Class being shorted an additional minute of compensation a day, in addition to their donning and doffing time.   Thus, Members of the Class are paid pursuant to the same pay scheme or practice as Plaintiff.

25.     Stolle's failure to properly compensate Plaintiff and Members of the Class results, upon information and belief, from a generally applicable policy and/or practice. Specifically, upon information and belief, it is a policy and/or practice at Stolle to pay its production factory workers for 40 hours a week, regardless of the fact that the factory production workers work at least 43 hours per week when their donning and doffing time and the time clock/pay clock discrepancy is taken into account.  As such, the Members of the Class are owed additional overtime compensation for precisely the same reasons as the Plaintiff.

26.     Accordingly, the class of similarly situated plaintiffs is properly defined as:

> All current and former factory production workers who were
> employed by Stolle during the three-year period preceding
> the filing of this complaint.

27.     Members of the Class should be notified of this lawsuit and given the opportunity to opt-in if they so desire.

28.     Notice from this Court should be expedited to protect these workers from losing a portion of their damages due to the running of the statute of limitations.

## VII.   CAUSES OF ACTION

29.     The preceding paragraphs are incorporated by reference.

30.     As set forth above, Stolle violated the FLSA with respect to Plaintiff and Members of the Class by failing to pay overtime for hours worked in excess of 40 hours in a week.  29 U.S.C. §§ 206, 207.

31.     Plaintiff and Members of the Class are entitled to recover overtime compensation, at one and one-half times their regular rate of pay, for all hours worked in excess of 40 hours in a week.

32.     In addition, Plaintiff and Members of the Class are entitled to liquidated damages in an amount equal to their unpaid wages and overtime wages.

33.     In addition, Plaintiff and Members of the Class are entitled to reasonable attorneys' fees and costs.  29 U.S.C. § 216 (b).

## VIII.   JURY DEMAND

34.     Plaintiff demands a jury trial.

## PRAYER

WHEREFORE, Plaintiff requests that this Court award him and Members of the Class judgment against Stolle Machinery Company, LLC for:

1.      damages for the full amount of his unpaid wages;

2.      damages for the full amount of his unpaid overtime compensation;

3.      an amount equal to his unpaid minimum wages and overtime compensation

        as liquidated damages;

4.      reasonable attorneys' fees, costs and expenses of this action;

5.      pre-judgment and post-judgment interest at the highest rate allowed by law;

        and

6.      such other and further relief as may be allowed by law.

Dated:  December 16, 2014                    Respectfully submitted,

                                             BAILEY PEAVY BAILEY PLLC


                                             By:  /s/    Robert W. Cowan
                                                  Robert W. Cowan
                                                  Attorney-in-Charge
                                                  TX Bar No. 24031976
                                                  440 Louisiana Street, Suite 2100
                                                  Houston, Texas 77002
                                                  Telephone:  (713) 425-7100
                                                  Facsimile:  (713) 425-7101
                                                  rcowan@bpblaw.com


Plaintiff's Name and Address:

Mark Patton (on behalf of himself and others similarly situated)
6199 Stuart Street
Arvada, Colorado 80003

# EXHIBIT A

## NOTICE OF CONSENT

I consent to be a party plaintiff in this action and, if necessary, a subsequent action, to recover any unpaid wages owed to me by STOLLE MACHINERY COMPANY, LLC.

_____
Signature

_____
Full Legal Name (print)

_____
Date