IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03392-WJM-KLM

MARK PATTON, on behalf of himself and other similarly situated individuals,

     Plaintiff,

v.

STOLLE MACHINERY COMPANY LLC,

     Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on Defendant's **Motion to Stay Discovery and Further Proceedings** [#12] (the "Motion").  Plaintiff filed a Response [#15] in opposition to the Motion, and Defendant filed a Reply [#17].  Defendant asks the Court to stay discovery pending resolution of Defendant's Motion to Dismiss [#9] pursuant to Fed. R. Civ. P. 12(b)(1), filed January 28, 2015.  For the reasons stated below, the Court **GRANTS** the Motion [#12].

     This Court has long noted that the Federal Rules of Civil Procedure do not explicitly provide for a stay of proceedings in a lawsuit. *String Cheese Incident, LLC v. Stylus Shows, Inc.,* No. 02-cv-01934-LTB-PAC, 2006 WL 894955 (D. Colo. Mar. 30, 2006).  However, the Court has construed Fed. R. Civ. P. 26(c) to permit a stay of discovery "for good cause, to protect a party from undue burden or expense," especially when dispositive motions are pending.  *Id.*  The party who seeks a stay of discovery has the burden of demonstrating

good cause, and "cannot sustain that burden by offering simply conclusory statements." *Tr. of Springs Transit Co. Emp.'s Ret. & Disability Plan v. City of Colorado Springs,* No. 09-cv-02842-WYD-CBS, 2010 WL 1904509, at *4 (D. Colo. May 11, 2010).  Generally, the Court requires a "particular and specific demonstration of fact" in support of a request for a stay.  *Id.*; *see also Christou v. Beatport, LLC*, No. 10-cv-02912-CMA-KMT, 2011 WL 650377, at *1 (D. Colo. Feb. 10, 2011).  In the context of ruling on a motion to stay, the Tenth Circuit Court of Appeals stated almost thirty years ago that "the right to proceed in court should not be denied except under the most extreme circumstances."  *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.,* 713 F.2d 1477, 1484 (10th Cir. 1983).  Hence, it has long been recognized that stays are generally disfavored in this district, although the decision to grant or deny them invokes the discretion of the Court under the circumstances at issue.  *See, e.g., id.*

However, questions of jurisdiction and immunity should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties. *See Behrens v. Pelletier*, 516 U.S. 299, 308 & 310 (1996).  Precedent amply demonstrates that the Court has broad discretion to stay an action when a dispositive motion is pending. *String Cheese Incident, LLC,* 2006 WL 894955 at *2 (finding that a thirty-day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending).  Indeed, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved."  8 Charles Allen Wright et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *see also Vivid Techs., Inc. v. Am. Sci. &*

-2-

*Eng'g, Inc.,* 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Nankivil v. Lockheed Martin Corp.,* 216 F.R.D. 689, 692 (M.D. Fla. 2003) (holding that a stay is appropriate if "resolution of a preliminary motion may dispose of the entire action").

Finally, the factors to be applied by the Court in determining the propriety of a stay are: (1) Plaintiff's interests in proceeding expeditiously with the action and the potential prejudice to Plaintiff resulting from a delay; (2) the burden on Defendant; (3) the convenience to the Court; (4) the interests of persons not parties to the litigation; and (5) the public interest. *String Cheese Incident, LLC*, 2006 WL 894955 at *2.

**1.  Plaintiff's Interests**

This litigation does not differ substantially from other civil litigation.  Plaintiff's stated interests in needing to immediately proceed with this lawsuit are largely conclusory.  The only significant argument advanced by Plaintiff is that "[i]n a collective action under the FLSA, when additional plaintiffs file their consents with the court, the filing generally does not 'relate back' to the original filing date of the complaint for the purposes of the statute of limitations." *Response* [#15] (citing 29 U.S.C. § 256).  Therefore, Plaintiff asserts that "every day that passes potentially diminishes the amount of overtime wages that future claimants may recover in this action" and "[d]elay may eliminate the claims of some potential claimants completely." *Response* [#15] at 3.  Plaintiff does not argue, however, that immediate discovery is needed to identify potential members of this collective action. Thus, if the Court stays discovery and tolls the statute of limitations while the stay is

pending, then this argument loses its strength.[1]  Because Plaintiff has not identified with specificity any substantial interest in proceeding immediately with discovery, this factor is neutral.

### 2. Defendant's Burden

This issue concerns whether Defendant will be unfairly burdened if discovery proceeds before a ruling is issued on the pending dispositive motion.  *See, e.g., String Cheese Incident, LLC*, 2006 WL 894955 at *2 (stating that "defendants, however, also would undoubtedly be prejudiced if they were forced to engage in discovery if the court eventually granted their motion to dismiss").  The Court is not inclined to prejudge the merits of the dispositive motion here; however, the Court recognizes that proceeding with discovery would be wasteful should the Motion to Dismiss be granted, especially as it may dispose of the entire case.  This is especially true because the Motion to Dismiss is based purely on a jurisdictional argument, and questions of jurisdiction should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties.  *See Behrens v. Pelletier*, 516 U.S. 299, 308 & 310 (1996) (stating that questions of jurisdiction should be resolved at the earliest stages of litigation).  Thus, this factor weighs in favor of imposing a stay.

### 3. Convenience to the Court

---

[1]  Defendant argues that "Plaintiff's alternative request to toll the statute of limitations disregards unambiguous precedent from the Tenth Circuit that such equitable tolling is reserved only for egregious cases of demonstrated misconduct on behalf of the defendant preventing individuals from filing suit."  *Reply* [#17] at 1-2.  This is incorrect.  "The Tenth Circuit has not addressed . . . when, if ever, equitable tolling is appropriate in an FLSA collective action."  *Koehler v. Freightquote.com, Inc.*, __ F. Supp. 3d __, __, 2015 WL 1242035, at *8 (D. Kan. Mar. 18, 2015).  "However, district courts in this Circuit uniformly have agreed that tolling can, in some circumstances, be appropriate in a lawsuit like this one."  *Id.* (collecting cases).

Entry of a stay may cause significant delay of the resolution of this matter, which in turn makes the Court's docket less predictable and less manageable.  Moreover, the District Judge discourages litigation strategy or conduct that results in delaying the progress of litigation, including the filing of motions for extensions of time, motions for continuances of hearings, and dispositive motions generally.  *See* WJM Practice Standards §§ II.D, III.D, III.E  (Dec. 1, 2014).  This factor weighs against the entry of a stay.

### 4.  Interest of Non-Parties

The only interest identified with respect to non-parties is the one advanced by Plaintiff regarding potential future opt-in plaintiffs.  *See Response* [#15] at 7.  As noted above, if discovery is stayed and the statute of limitations is tolled during the pendency of the stay, their interests are protected.  Accordingly, the Court finds that this factor weighs in favor of imposing a stay.

### 5.  The Public Interest

The public interest at stake here is the same interest underlying all lawsuits: that they be resolved as fairly and quickly as possible.  In light of the issues outlined above, the Court finds that considerations of fairness and timeliness will be advanced by imposition of a stay.  Hence, this factor weighs in favor of entry of a stay.

Application of the *String Cheese* factors results in the conclusion that an imposition of a stay is justified in this case.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#12] is **GRANTED**.  This matter is **STAYED** pending resolution of the Motion to Dismiss [#9].

IT IS FURTHER **ORDERED** that the statute of limitations is **TOLLED** for potential

opt-in plaintiffs to this FLSA collective action during the pendency of the stay.

IT IS FURTHER **ORDERED** that the Scheduling Conference set for April 9, 2015 at 10:00 a.m. is **VACATED**.  It shall be reset, if necessary, after resolution of the Motion to Dismiss [#9].


Dated:  April 7, 2015

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge